## UNITED STATES *v.* FORD.

*(District Court, E. D. Missouri, E. D.* May 3, 1892.)

1. OLEOMARGARINE ACT—VIOLATION.
   Act Cong. Aug. 2, 1886, § 6, requires retail dealers to sell oleomargarine only from the original stamped packages, "and to pack it in suitable packages, marked and branded as the commissioner of internal revenue, with the approval of the secretary of the treasury, shall prescribe," and imposes a specific penalty for its violation. *Held* that, the required approval of the department being merely as to the kind of marks to be used, an indictment may be had for neglect to conform therewith. *U. S. v. Eaton*, 12 Sup. Ct. Rep. 764, distinguished.

2. SAME—INDICTMENT.
   In indictments under section 6 for neglect to properly mark the package of oleomargarine, the regulation covering marks and brands made by the commissioner of internal revenue should be pleaded in substance.

At Law. Prosecution of Anderson F. Ford for neglect to properly mark packages of oleomargarine. On demurrer to the indictment. Overruled.

*George D. Reynolds*, U. S. Atty.

*D. P. Dyer*, for defendant.

THAYER, *District Judge, (orally.)* In this case the indictment is under the sixth section of the oleomargarine act against Anderson F. Ford, a retail dealer in oleomargarine, for selling oleomargarine in packages with-

out marking the packages with the word "Oleomargarine." A demurrer has been filed, and the question arises whether, under the recent decision of the supreme court of the United States in *U. S.* v. *Eaton*, 12 Sup. Ct. Rep. 764, (No. 291, October term, 1891,) the indictment is valid or invalid. In the case of *U. S.* v. *Eaton* it appears from the decision that the defendant, who was a wholesale dealer in oleomargarine, had failed to keep a book showing the oleomargarine received by him, and from whom and to whom the same was sold and delivered. For this he was indicted under section 18 of the act of August 2, 1886, (24 St. p. 212,) for neglecting, omitting, and refusing to do a thing required by law to be done. The court held that the act of August 2, 1886, did not require a wholesale dealer in oleomargarine to keep such a book as the indictment in that case described, or to keep any book in fact; that the duty of keeping the book was a duty that had been imposed solely by a regulation of the commissioner of internal revenue, and that a person could not be punished criminally for failing to discharge a duty so imposed. The decision in effect holds that congress had not declared the particular act complained of to be an offense; that it was an offense created, if at all, by a regulation of the commissioner of internal revenue, and that the regulation was an exercise of legislative powers, not vested in the commissioner. In the case at bar the facts are quite different. By section 6 of the act of August 2, 1886, congress specifically provided that all oleomargarine should be packed by manufacturers in firkins, tubs, or other wooden packages not before used, each containing not less than 10 pounds, the same to be marked, stamped, and branded "as the commissioner of internal revenue, with the approval of the secretary of the treasury, shall prescribe." Retail dealers were required to sell only from the original stamped packages in quantities not exceeding 10 pounds, and to pack the same in suitable wooden or paper packages, marked and branded "as the commissioner of internal revenue, with the approval of the secretary of the treasury, shall prescribe." The very same section of the law imposed a specific penalty for selling oleomargarine in any other form than in wooden or paper packages as above described. This section of the law, therefore, fully and completely describes a criminal offense. It requires packages of oleomargarine to be packed in a given way, and to be branded and marked before they are sold in such manner as the commissioner of internal revenue shall prescribe. It also imposes a specific penalty if they are not so marked and branded when sold. The decision in the case of *U. S.* v. *Eaton* does not go to the extent of holding that because congress left it to the commissioner of internal revenue to prescribe the kind of marks and brands to be used, which was a mere matter of detail, therefore dealers cannot be punished for selling oleomargarine without such marks and brands. The difficulty in the *Eaton Case* was that congress had not created any such offense as that for which the defendant was indicted. The commissioner had in fact assumed to amend the law. But in the case at bar there is no such difficulty. The offense charged in the indictment is one fully described in the sixth section of the act. The marks

and brands prescribed by the commissioner are such as he was specially authorized to prescribe. In the case at bar, therefore, the indictment states an offense against the laws of the United States, unless the decision in *U. S.* **v.** *Eaton* is understood to mean that no regulation of the commissioner of internal revenue can have the force and effect of law. My opinion is, in view of numerous decisions of the supreme court in prior cases, that that is not the meaning which the court intended to convey.

Another question arises in this case, and that is whether the regulation made by the commissioner of internal revenue concerning marks and brands is pleaded. I think such regulations should be pleaded in substance in indictments, but I am of the opinion that the regulation of the commissioner is sufficiently set out in this indictment. The demurrer is therefore overruled.